## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Elizabeth U. Witmer, Esquire
James G. Rosenberg, Esquire
Jennifer B. Bonniwell, Esquire
Sean T. O'Neill, Esquire
Attorney I.D. Nos. 55808, 16915, 93516 &
205595
SAUL EWING LLP
1200 Liberty Ridge, Suite 200
Wayne, PA 19087-5569
610-251-5050

|  |  |  |
|---|---|---|
| TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC, | : | |
| Plaintiff, | : | Action No. 09cv01047 |
| | : | |
| v. | : | |
| | : | |
| PERMANENT EASEMENTS FOR 0.035 ACRES OF LAND IN EAST CALN TOWNSHIP, CHESTER COUNTY, PENNSYLVANIA, TAX PARCEL NO. 40-2E-0019, LOUIS N. OTTAVIANO, SR., et al., | : | |
| Defendants. | : | |

## PLAINTIFF TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC'S MOTION IN LIMINE TO SEEK APPLICATION OF FEDERAL LAW TO THE DETERMINATION OF JUST COMPENSATION

Defendant is seeking to have this Court ignore binding precedent from the Third Circuit

Court of Appeals and the U.S. Supreme Court holding that (1) state substantive law is not

applicable to condemnation under the federal power of eminent domain; and (2) state procedural

law is superseded by Rule 71.1.  United States v. Miller, 317 U.S. 369, 379-80 (1943); United

States v. 27.93 Acres of Land, 924 F.2d 506, 512, 515 (3d Cir. 1991) (applying federal common

law to determination of compensation under federal power of eminent domain).  Defendant

asserts that this "may be an issue of first impression to this Court," and urges adoption of a Sixth

Circuit case applying state substantive law to the measure of compensation. Defendant's Pre-Trial Memorandum, at 9. Defendant is simply wrong. Since 1943, every time a court in the Third Circuit has been faced with the issue of valuation of a taking under the federal power of eminent domain, it has followed <u>Miller</u> and applied federal substantive law. <u>E.g. United States v. 27.93 Acres</u>, 924 F.2d at 512.

### A.   State Law Does Not Apply to Federal Eminent Domain.

In the seminal case of <u>Miller</u>, the Supreme Court was faced with statutes granting authority to condemn that contained a provision similar to the Natural Gas Act's "practices and procedures" language.[1] The statutes at issue in <u>Miller</u> required that the "practice, pleadings, forms and modes of proceedings ... shall conform, as near as may be, to the practice, pleadings, forms and proceedings existing at the time in like causes in the courts of record in the State within which such district court is held." 40 U.S.C. §258 (1940); 33 U.S.C. 591 (1940) ("such proceedings shall be prosecuted in accordance with the laws relating to suits for the condemnation of property of the States wherein the proceedings may be instituted."); <u>see</u> <u>Miller,</u> 317 U.S. at 379-80. The Natural Gas Act contains almost identical language that condemnation actions "shall conform as nearly as may be with the practice and procedure in similar action or procedure in the courts of the State where the property is situated." 15 U.S.C. § 717f(h). The landowner in <u>Miller</u> – like Defendant here – relied on these provisions to support his assertion that state substantive law should apply. <u>Id.</u> at 379; <u>see</u> Defendant's Pre-Trial Memorandum, at 9. The Supreme Court, however, held that the "forms and methods" language referred only to state procedural law and did not – indeed could not – require application of state law in a federal

---

[1]   Section (h) of the Natural Gas Act states, in relevant part, "The practice and procedure in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with

condemnation to "substantive rights—such as the measure of compensation—grounded upon the Constitution of the United States." Id. at 380.

Since 1943, the Third Circuit Court of Appeals has followed Miller and applied federal substantive law **in every case** involving the exercise of the eminent domain under a federal statute. E.g., United States v. 27.93 Acres, 924 F.2d at 512 (applying federal standard to determination of compensation under federal power of eminent domain); United States v. 412.93 Acres of Land, 455 F.2d 1242, 1245 (3d Cir. 1972) (applying federal law and procedure to federal condemnation); United States v. 60.14 Acres of Land, 362 F.2d 660, 662, 665 (3d Cir. 1966) (reviewing both state and federal law and holding that federal law applies); United States v. Certain Parcels of Land, 144 F.2d 626, 628 (3d Cir. 1944) (relying on Miller); United States v. 13.98 Acres, 702 F. Supp. 1113, 1115-16 (D. Del. 1988); United States v. 15.3 Acres of Land, 154 F. Supp. 770, 783 (M.D. Pa. 1957) (noting that the federal substantive law set forth in Miller governs the determination of just compensation).

### B.     The Sixth Circuit Case is Wrong.

Defendant urges this Court to adopt the reasoning of the Sixth Circuit Court of Appeals, which is the only circuit court that has applied state substantive law to the determination of just compensation pursuant to the Natural Gas Act. Columbia Gas Transmission Corp. v. Exclusive Natural Gas Storage Easement, 962 F.2d 1192 (6th Cir. 1992). The Sixth Circuit relied heavily on the Fifth Circuit's decision in Georgia Power Co. v. Sanders, 617 F.2d 1112 (5th Cir. 1980), which applied state substantive law to the amount of damages to be paid for a taking under the Federal Power Act. Both cases are factually and legally distinguishable:

---

the practice and procedure in similar action or proceeding in the courts of the State where the property is situated." 15 U.S.C. § 717f(h).

(a)     This line of decisions is directly contrary to <u>Miller</u>, which involved statutes
        containing the same type of "practices and procedures" language set forth under
        the Natural Gas Act.  317 U.S. at 379.  In a decision that is directly on point here,
        the Supreme Court held that state law is not applicable to determining the
        measure of compensation for a taking pursuant to federal statute.

(b)     The Sixth Circuit wrongly concludes that the statute and subsequent legislative
        history is silent.  To the contrary, Congress expressly stated that "a natural gas
        pipeline company cannot rely upon the eminent domain laws of the States
        [because] a State only has the constitutional authority to confer this right on
        utilities and pipeline companies serving the people of that State."[2]  <u>See Thatcher
        v. Tenn. Gas Transmission Co.</u>, 180 F.2d 644, 647 (5th Cir. 1950).[3]

---

[2]     In 1942, Congress granted pipeline companies the authority to exercise eminent domain.  Notes of the
        House Committee on Commerce and Energy in 1947 explained the change:

> Many of the eminent domain laws of the States are inadequate.  Some States confer the
> right only upon corporations incorporated under the laws of such States.  Other States
> grant the right only to public utilities and pipe lines which are serving the people of those
> States. ... The principal reason that a natural gas pipeline company cannot rely upon the
> eminent domain laws of the States is that a State only has the constitutional authority to
> confer this right on utilities and pipeline companies serving the people of that State.

Comments of House Comm. on Commerce and Energy relating to 1947 amendment of 15 USCA § 717;
<u>see also</u> 15 U.S.C.A. § 717, <i>et seq.</i> (1938) (the original Natural Gas Act stated that "the business of
transporting and selling natural gas for ultimate distribution to the public is affected with a public interest,
and that Federal regulation in matters relating to the transportation of natural gas and the sale thereof in
interstate and foreign commerce is necessary in the public interest").

[3]     The Fifth Circuit stated when first faced with a pipeline company's exercise of eminent domain:

> Implicit in the provisions of the [Natural Gas Act] statute are the facts, among others, that
> vast reserves of natural gas are located in States of our nation distant from other States
> which have no similar supply, but do have a vital need of the product; and that the only
> way this natural gas can be feasibly transported from one State to another is by means of
> a pipe line. ...The possession of this right could well be considered necessary to insure
> ability to comply with the Commission requirements as well as with all phases of the
> statutory scheme of regulation.

<u>Thatcher</u>, 180 F.2d at 647.

(c)   The Sixth Circuit should have concluded that state law does not apply because it

conflicts with the federal objective of the Natural Gas Act in regulating interstate

natural gas pipelines. E.g., Georgia Power, 617 F.2d at 1118.  Under Georgia

Power, state law will not apply where "the effect of applying state law is virtually

to nullify the federal objectives." Id. Further, "[i]f application of state law would

arguably interfere with an identifiable federal policy or interest, but not amount to

a conflict which would preclude application of state law [the court] must proceed

to an examination of the relative strength of the state's interests in having its rules

applied." Id. Here, application of various differing state condemnation codes to

interstate pipelines would cause delays and uncertainties in the installation,

operation and maintenance of interstate natural gas pipelines. See Nat'l R.R.

Passenger Corp. v. Two Parcels of Land, 822 F.2d 1261, 1266-67 (2d Cir. 1987)

(refusing to apply state law to measure of compensation in taking by Amtrak for

interstate railroad system).[4]

(d)   Georgia Power's holding is distinguishable because the Federal Power Act makes

a distinction between condemnation power exercised by private entities and by

the United States.  The court held that state law applies only to private entities –

not the government – because the Federal Power Act does not implicate the same

national interest when a licensee wields eminent domain compared to when the

---

[4]   The Second Circuit's reasoning is persuasive in a similar case in which the court refused to apply state law
to the measure of compensation for a taking under Amtrak's power of condemnation. Nat'l R.R., 822 F.2d
at 1266-67. In National R.R., The court found that Amtrak was created to serve national needs and
"railroad's lines and services do not confine themselves to state or county lines but traverse the entire
continental United States." Id. at 1267. The court held that application of different state laws to Amtrak's
interstate railroad system would cause delays and uncertainty in the exercise of its condemnation power.
Accordingly, the court held that application of state law would conflict with the federal objective of
Congress in granting eminent domain authority to Amtrak. Id.

United States does.  Georgia Power, 617 F.2d at 1119-20.  The Federal Power Act

requires that FERC reject any applications for projects affecting "the development

of any water resources for public purposes [that] should be undertaken by the

United States itself."  16 U.S.C. § 800(b).  Therefore, as the Second Circuit noted

in Nat'l R.R., projects approved by the Federal Power Act do not "implicate the

interests of the United States to the degree that it is thought desirable that the

project be undertaken by the United States itself."  Georgia Power, 617 F.2d at

1118.  Furthermore, private condemnors under the Federal Power Act often act

"on a local scale" in contrast to the United States, which "acts [under the FPA] in

the public interest on a national scale."  Nat'l R.R., 822 F.2d at 1267

(distinguishing Georgia Power).  The Natural Gas Act makes no such distinction,

with federally approved transmission pipelines traversing every state in the

nation.[5]

C.     **No Difference Between State and Federal Law on Measure of
       Compensation.**

Further, there is no difference between the measure of just compensation under federal

law and state law.  The state law provisions cited by Defendant either do not apply, mirror

federal law, or are procedural provisions superseded by Rule 71.1.  Defendant cites to the

following sections of the Pennsylvania Eminent Domain Code:

---

[5]     The Fifth and Sixth circuit cases both involved projects that did not cross state lines, which may have been
a factor in why the courts did not find a need for a national uniform rule.  Columbia Gas, 962 F.2d at 1194;
Georgia Power, 617 F.2d at 1114.  The FERC Order at issue here approves the Sentinel Project, which
traverse Pennsylvania and New Jersey.

- Section 702(a)[6] (definition of just compensation) – This is the same measure of damages as set forth under federal law. United States v. 13.98 Acres, 702 F. Supp. at 1116.

- Section 706[7] (consideration of condemnation use in after value) – This section does not change the measure of damages for the taking. Defendant contends this section "provides for a certain measure of damages." Defendant's Pre-Trial Memorandum, at 11. That is incorrect. Even under state law, the sole measure of damages is set forth in Section 702(a), which mirrors federal law. Twp. of Chester v. Pa. Dept. of Transp., 433 A.2d 1353, 1355 (Pa. 1981) (traditional fair market value measure of compensation is incorporated into Code and is the only measure of damages provided for by the Code).

- Section 710[8] (up to $4,000 in fees, costs) – This procedural provision is procedural and is superseded by Rule 71.1. See Section C, *supra*. Also, this provision is not applicable because it only applies to an "acquiring agency" as defined as "[a]n entity vested with the power of eminent domain by the laws of the Commonwealth." 26 Pa. C.S.A. § 151.1. Transco is not vested with the power of eminent domain by Pennsylvania – its power is federal – therefore it is not an acquiring agency. Additionally, Section 710 only allows recovery of fees and appraisal costs up to $4,000; Defendant is seeking to recover all of his fees and costs.

---

[6]     26 Pa. Cons. Stat. Ann. § 702(a).

[7]     26 Pa. Cons. Stat. Ann. § 706.

[8]     26 Pa. Cons. Stat. Ann. § 710.

- Section 714[9] states that condemnees may recover consequential damages caused
  by (1) "a change of grade of a road or highway", (2) "permanent interference with
  access," or (3) "injury to surface support." This section is not applicable,
  however, as none of the three causes listed in the section is alleged here. See
  Harrington v. Pa. Dept. of Transp., 792 A.2d 669, 672 (Pa. Commw. 2002)
  (Section 714 only permits recover for consequential damages caused by the three
  events listed in the section and no others).

**D.    State Procedural Law Is Superseded by FRCP 71.1.**

Defendant seeks to invoke Section 710 of the Pennsylvania Eminent Domain Code, 26
Pa. Cons. Stat. Ann. §710, to recover attorneys and expert fees. It is clear that state procedural
law is superseded by Federal Rule of Civil Procedure 7.1. Courts in Pennsylvania and around
the country have uniformly held that Rule 71.1 supersedes state procedures governing
condemnation and the "practice and procedure" clause in the Natural Gas Act. Steckman Ridge
GP, LLC v. An Exclusive Natural Gas Storage Easement Beneath 11.078 Acres, Nos. 08-168,
08-169, 08-177, 08-179, 08-180, 2008 WL 4346405, *13 (W.D. Pa. Sept. 19, 2008) ("the
language in Section 717f(h) concerning 'practice and procedure' conforming to state court
procedure has been superceded by Federal Rule of Civil Procedure 71.1") (citing E. Tenn.
Natural Gas Co. v. Sage, 361 F.3d 808, 822 (4th Cir. 2004)); Nat'l Fuel Gas Supply Corp. v. 138
Acres of Land, 84 F. Supp.2d 405, 415 (W.D.N.Y. 2000) (holding that Rule 71A – the
predecessor to Rule 71.1 – supersedes the practice and procedure clause of section 717f(h)); S.
Natural Gas Co. v. Land, 197 F.3d 1368, 1375 (11th Cir. 1999) (same as to Rule 71A); USG
Pipeline Co., 1 F. Supp.2d 816, 827 (E.D. Tenn. 1998) (condemnation proceedings are governed

---

[9]      26 Pa. Cons. Stat. Ann. § 714.

under Rule 71A, not state law).  In fact, the Advisory Committee Notes to Rule 71.1 provide that

it "affords a uniform procedure for all cases of condemnation invoking the national power of

eminent domain, and . . . supplants all statutes prescribing a different procedure."  Rule 71.1 (and

Rule 71A before it) was adopted in "an effort to establish a uniform set of procedures governing

all federal condemnation actions."  Kirby Forest Indus., Inc. v. United States, 467 U.S. 1, 4

(1984).[10]  Indeed, even the Sixth Circuit in Columbia Gas confirmed that the federal procedure

set forth in Rule 71.1 supersedes state eminent domain procedures.  962 F.2d at 1196-97.  "The

Natural Gas Act is a federal statute implementing a nationwide federal program.  Accordingly,

its interpretation is a matter of federal law."  Id. at 1196.

Fee-shifting provisions are procedural, therefore, Section 710 of the Pennsylvania

Eminent Domain Code is superseded by Rule 71.1.  See Guardian Pipeline, LLC v. 295.49 Acres

of Land, Nos. 08-C-0028, 08-C-54, 08-C-29, 08-C-30, 2008 WL 1751358, *5-6 (E.D. Wisc.

April 11, 2008) (fee-shifting statute is procedural in nature and therefore superseded).

---

[10]     The court in Nat'l Fuel further held that cases concerning the United States government's exercise of
eminent domain are equally applicable to private entities vested with the power of eminent domain
because, "[l]ogically, the procedure which governs the federal government's condemnation proceedings
should also govern the condemnation proceedings brought by private entities by virtue of the same federal
power of eminent domain."  84 F. Supp. 2d at 415.

**E.**   **Conclusion.**

For all of the above reasons, Plaintiff Transcontinental Gas Pipe Line Company, LLC

respectfully moves this Court to apply federal law to the determination of just compensation.

Respectfully submitted,

/s/ Validation of Signature Code EW1079
Elizabeth U. Witmer, Esquire
James G. Rosenberg, Esquire
Jennifer B. Bonniwell, Esquire
Sean T. O'Neill, Esquire
Attorney I.D. Nos. 55808, 16915, 93516 &
205595
SAUL EWING LLP
1200 Liberty Ridge, Suite 200
Wayne, PA 19087-5569
610-251-5050

*Attorneys for Plaintiff Transcontinental Gas
Pipe Line Company, LLC*

Dated: January 6, 2010