**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC, Plaintiff<br>v.<br>A PERMANENT EASEMENT FOR 0.035 ACRES OF LAND IN EAST CALN TOWNSHIP, CHESTER COUNTY, PENNSYLVANIA, TAX PARCEL NO. 40-2E-0019, LOUIS N. OTTAVIANO, SR., et. al. Defendants | Civil Action No. 09cv01047 |

**ORDER**

**AND NOW**, this _____ day of _____________, 2010, upon consideration of Defendant's First Motion in Limine, it is hereby **ORDERED** that Defendant's First Motion in Limine is **GRANTED**, and any evidence of damages to the defendant property resulting from negligent and/or improper installation, construction, or maintenance of Plaintiff's pipeline across said property outside of the pipeline easement (and excluding damage to trees injured as a result of the pipeline construction), shall be preserved for future litigation and, in particular, Defendant's right to pursue recovery for damages resulting from said negligent or improper installation, construction, or maintenance shall in no way be infringed by the above-referenced proceedings and restricted in any manner.

BY THE COURT:

_______________________________
TIMOTHY J. SAVAGE, U.S.D.J.

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC, Plaintiff<br>v.<br><br>A PERMANENT EASEMENT FOR 0.035 ACRES OF LAND IN EAST CALN TOWNSHIP, CHESTER COUNTY, PENNSYLVANIA, TAX PARCEL NO. 40-2E-0019, LOUIS N. OTTAVIANO, SR., et. al. Defendants | : | Civil Action No. 09cv01047 |

**DEFENDANTS' FIRST MOTION IN LIMINE**

Defendant Louis N. Ottaviano, Sr., ("Defendant"), hereby files his first Motion in Limine, requesting that this Court define the issues that are, and are not, in dispute, and to rule that damages occurring as a result of the negligent construction, installation, or maintenance of the Sentinel Expansion project outside of the pipeline easement (excluding the direct damage within the pipeline easement to Defendant's trees as identified herein) and upon Defendant's property including, but not limited to, water damage on the lot and within the residence, be preserved for a separate adjudication as to damages.

1. Transcontinental Gas Pipe Line Company, LLC (hereinafter "Transco" or "Plaintiff") initiated condemnation proceedings against the Defendant on March 10, 2009 for an easement and rights of way sought in connection with the replacement and expansion of a natural gas pipeline (the Sentinel Expansion Project) running through Defendant's property in East Caln Township, Chester County, Pennsylvania.

2. The parties stipulated to terms granting possession on or about May 20, 2009, after which Transco posted bond and began construction on the pipeline replacement.

3. The parties proceeded to discovery in preparation for proceedings to determine "just compensation" for the taking.

4. Discovery has concluded on the issue of just compensation.

5. During the pipeline construction the Plaintiff, while acting within the pipeline easement area damaged the root system of a Black Oak, American Beech and triple trunk Sassafras on Defendant's property, damages which are to be taken into consideration and addressed at trial.

6. Prior to the new pipeline project construction, Mr. Ottaviano did not have problems with water accumulation on his property or in his basement.

7. In the months since construction, Mr. Ottaviano has experienced repeated instances of water damage occurring in his home as a result of the changes in water flow on the property.

8. On or about November 16, 2009, Defendant filed with this Court a Motion to Stay Proceedings, requesting additional time to address the damages caused by installation of the pipeline.

8. Prior to filing the Motion to Stay Proceedings, on this same date, counsel for the parties participated in a conference call with the Honorable Judge Savage, during which Judge Savage indicated his belief that such a Motion to Stay might be denied on the basis that the damages related to water damage occurring as a result of the installation of the new pipeline would be a separate cause of action.

9. The Court subsequently denied Defendant's Motion to Stay proceedings.

10. Defendant wishes to preserve his right to recover for damages incurred as a result of changes to the property caused by the negligent or improper pipeline construction (excluding the damages to the trees as referenced previously), including, but not limited to, water accumulation on the lawn and invasion of water in the home.

11. Defendant hereby files this Motion and Accompanying Memorandum of Law, which is hereby incorporated as if set forth herein in order to preserve his right to recover, in a

subsequent action, for damages incurred as a result of negligent or improper construction and Plaintiff's failure to restore the property to its prior condition (but excluding claims for damages to the trees as aforementioned, which damages are within the scope of the instant trial).

WHEREFORE, Defendant respectfully requests that this Court grant Defendant's Motion in Limine, preserving Defendant's ability to file a separate claim (excluding damages for the trees injured by work within the pipeline easement) for damages caused as a result of negligent and/or improper installation, construction, and maintenance of the pipeline, including, without limitation, claims for restoration and water damages to Defendant's property and home situate thereon.

JOHN S. CARNES, JR., ESQUIRE
Attorney I.D. No. 47338

LAW OFFICES OF JOHN S. CARNES, JR.
320 North High Street, Suite 103
West Chester, Pa 19380
610-436-7500

*Attorney for Defendant*

Dated: January 6, 2010

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC,<br>Plaintiff<br>v.<br><br>A PERMANENT EASEMENT FOR 0.035 ACRES OF LAND IN EAST CALN TOWNSHIP, CHESTER COUNTY, PENNSYLVANIA, TAX PARCEL NO. 40-2E-0019, LOUIS N. OTTAVIANO, SR., et. al.<br>Defendants | Civil Action No. 09cv01047 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S FIRST MOTION IN LIMINE**

In determining "just compensation" for a partial taking of land by eminent domain, consideration is given to the amount of damage "to the remaining lands of the owner which would probably flow from any particular and probable use by the government of the land to be taken." Sharp v. United States, 191 U.S. 341, 351, 24 S. Ct. 114, 116, 48 L.Ed. 211,215 (1903).

It is long settled that just compensation is to be determined upon the basis that the work will be constructed in a skillful and proper manner. See, e.g. Denniston v. Philadelphia Co., 161 Pa. 41; 28 A. 1007; 1894 Pa. LEXIS 629 (Pa. 1894).

Just compensation, in the case of a partial taking, consists of an award of the value of lands taken and also any damage that may result to the remaining tract, "on account of such taking and on account of the uses to which the land taken may, or probably, will be put." Sharp, 191 U.S. at 352.

In the case at bar, the issue of just compensation for a partial taking of property in connection with a gas pipeline expansion is squarely before the court. As a result of the work done in connection with the gas pipeline expansion, an extensive variety of damages have been incurred on the defendant property.

Digging the trench for the new pipeline resulted in significant damage to a number of trees on the property. Evidence of damage to the trees is properly before the court as the damage to the roots was a probable and foreseeable result of the exercise of Plaintiff's right to dig within the easement area, remove the old pipeline, and install a new, larger pipeline.

This Court, however, has presumably determined that evidence relating to changes in water flow on the property, flooding occurring on the lot, and damage resulting from water seeping into the residence should be considered in a separate cause of action. Presumably, the Court has in mind the foregoing rules with regard to determining just compensation based upon damages flowing from the uses "to which the land taken may, or probably, will be put." Id.[1]

As more clearly stated in the Denniston case,

> The inconveniences and injuries caused by the location of a skillfully constructed and carefully operated pipe line may be considered in a proceeding for the assessment of damages to the land through which it passes, but such as are produced by the careless construction and operation of it cannot be. The former are the natural and ordinary consequences of the location, construction and use of the line, and terminate only with the abandonment of it, while the latter are exceptional and may be prevented by the use of the best known appliances and skill and the observance of due care in the prosecution of the business, and they constitute an independent cause of action.

161 Pa. at 45.

Plaintiff merely seeks an affirmation and endorsement by this Court of the rule set forth above, and a ruling that evidence relating to the negligent and/or improper construction,

---

[1] It should be noted, however, that no evidence was reviewed and no evidentiary hearing was conducted to determine whether the water damage was the result of the projected and probable use of the condemned property.

installation, and maintenance of the pipeline on Defendant's property (other than the damage to the trees) shall not be considered in the determination of "just compensation" in the case at bar.

Respectfully submitted,

JOHN S. CARNES, JR., ESQUIRE
Attorney I.D. No. 47338

LAW OFFICES OF JOHN S. CARNES, JR.
320 North High Street, Suite 103
West Chester, Pa 19380
610-436-7500

*Attorney for Defendant*

Dated: January 6, 2010