# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Elizabeth U. Witmer, Esquire
James G. Rosenberg, Esquire
Jennifer B. Bonniwell, Esquire
Sean T. O'Neill, Esquire
Attorney I.D. Nos. 55808, 16915, 93516 &
205595
SAUL EWING LLP
1200 Liberty Ridge, Suite 200
Wayne, PA 19087-5569
610-251-5050

|  |  |  |
|---|---|---|
| TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC, | : | |
| Plaintiff, | : | Action No. 09cv01047 |
| | : | |
| v. | : | |
| | : | |
| PERMANENT EASEMENTS FOR 0.035 ACRES OF LAND IN EAST CALN TOWNSHIP, CHESTER COUNTY, PENNSYLVANIA, TAX PARCEL NO. 40-2E-0019, LOUIS N. OTTAVIANO, SR., et al., | : | |
| Defendants. | : | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND VERDICT SHEET

Plaintiff Transcontinental Gas Pipe Line Company, LLC ("Transco") proposes the

following jury instructions and verdict sheet pursuant to the Court's Order dated December 16,

2009.

1.      **<u>Nature of the Action</u>**


This action by Transcontinental Gas Pipe Line Company, LLC – or Transco – is brought in the exercise of the federal government's power of eminent domain. It is sometimes called a condemnation proceeding. By this means, Transco may lawfully acquire the property involved for public purposes.

The power to take private property for public purposes is essential to the independence of the government. In the absence of that power, any person, even though having only a small interest in property necessary to be acquired, could delay or even prevent public improvements, or could force payment of a price exceeding the fair market value of the property taken.


Federal Jury Practice and Instructions, Civil, 5th Ed., § 154.01 (West 2001); 15 U.S.C. § 717f(h); <u>Berman v. Parker</u>, 348 U.S. 26, 32 (1954).

2.      **<u>Fifth Amendment</u>**

Exercise of the power of eminent domain is subject always to the requirement of the Fifth Amendment of the United States Constitution that payment of just compensation shall be made for all interests in property taken by the government. The Fifth Amendment provides that "private property *[shall not]* be taken for public use, without just compensation."

Federal Jury Practice and Instructions, Civil, 5th Ed., § 154.10 (West 2001); U.S. Const., Amend. 5; <u>United States v. Miller</u>, 317 U.S. 369, 373 (1943).

3.      **Just Compensation**

The term "just compensation" means the "fair market value" of the property on the date of taking.

Federal Jury Practice and Instructions, Civil, 5th Ed., § 154.30 (West 2001); United States v. 564.54 Acres of Land, 441 U.S. 506, 510 (1979); United States v. Miller, 317 U.S. 369, 373-74 (1943).

**4.       Fair Market Value**


"Fair market value" means the price in cash, or its equivalent, that the property would have brought at the time of taking, considering its highest and most profitable use, if then offered for sale in the open market with a reasonable time allowed to find a purchaser.

In other words, "fair market value" means the amount a willing buyer would have paid a willing seller in an arms-length transaction with both parties being fully informed concerning all of the advantages and disadvantages of the property, and with neither acting under any compulsion to buy or sell.  In arriving at your determination of fair market value, you should take into account all factors which could fairly be suggested by the seller to increase the price paid, and all counter-arguments which the buyer could fairly make to reduce the price. Your determination is to be made in the light of the opinions of the various witnesses and all facts affecting value, as shown by the evidence in the case.


Federal Jury Practice and Instructions, Civil, 5th Ed., § 154.31 (West 2001); United States v. 174.12 Acres of Land, 671 F.2d 313, 314-15 n.2 & n.3 (9th Cir. 1982).

5.      **Taking of Property**

Because Mr. Ottaviano has declined to accept Transco's opinion concerning the fair market value of the property, it is Mr. Ottaviano's burden to prove, by a preponderance of the evidence, that the fair market value of the property was more than what Transco has offered.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your mind belief that what is sought to be proved is more likely true than not true.

In determining what was the fair market value at the date of taking, as established by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses regardless of who may have called them, and all exhibits in evidence, regardless of who may have produced them.

Eleventh Circuit Pattern Jury Instructions (Civil Cases), Federal Claims Instruction No. 9.1 (West 2000); Federal Jury Practice and Instructions, Civil, 5th Ed., § 154.20 (West 2001); United States ex rel. Tenn. Valley Auth. v. Powelson, 319 U.S. 266, 273-74 (1943); United States v. Montague, 40 F.3d 1251, 1254-55 (D.C. Cir. 1994); Nissho-Iwai Co. v. M/T Stolt Lion, 719 F.2d 34, 38 (2d Cir. 1983).

**6.**      **Taking of Easement**


The interests taken by Transco in this proceeding are 0.027 acres of permanent easements and rights of way to lay, construct, maintain, operate, repair, alter, replace and remove a 42" natural gas pipeline and appurtenant facilities (thereby replacing an existing 30" natural gas pipeline) and 0.008 acres of temporary workspace to enter upon, use for ingress, egress and regress, to clear off and use for construction.

It is agreed that Transco took these easements over Mr. Ottaviano's land on June 3, 2009. So, you are asked to find, from the evidence before you, just compensation as to the time of taking on that date.


Federal Jury Practice and Instructions, Civil, 5th Ed., § 154.21 (West 2001); First English Evangelical Lutheran Church v. County of Los Angeles, 482 U.S. 304 (1987).

**7.      Jury's Only Role is to Determine Just Compensation**

The jury's only role in this condemnation proceeding – and the only question you will be asked to answer – is to determine just compensation for the easements that Transco has taken on Mr. Ottaviano's property.

The easements that Transco has taken on Mr. Ottaviano's property are two additional areas of permanent easement covering a total of 0.027 acres and two areas of temporary easement covering a total of 0.008 acres.  The permanent easements are two segments eight (8) feet wide, to the front and rear of Mr. Ottaviano's home on the left side of the home if you were looking at it from the street.  The temporary easements are two segments eight (8) feet wide, between the two additional areas of permanent easement.

There was already an existing permanent easement on Mr. Ottaviano's property covering 0.410 acres.  The existing permanent easement is a seventy-five (75) foot wide corridor that diagonally crosses Mr. Ottaviano's property to the left of his home, if you were looking it from the street.  The takings at issue are all adjacent to the existing easement.  You are not to include the existing easement when determining just compensation for the takings at issue in this condemnation proceeding.

Fed. R. Civ. P. 71.1(h); United States v. Reynolds, 397 U.S. 14, 20 (1970); United States v. 27.93 Acres of Land, 924 F.2d 506, 512 (3d Cir. 1991); United States v. 13.98 Acres, 702 F. Supp. 1113, 1114-15 (D. Del. 1988); United States v. Miller, 317 U.S. 369, 379 (1943).

8.      <u>Just Compensation</u>

As in every condemnation proceeding, the problem is to determine what Mr. Ottaviano has lost as a result of the taking and not what Transco may have gained.

Just compensation is intended to cover the loss caused Mr. Ottaviano by the taking of his property for public use, and not the value of the property as applied to the public use.  How much the property taken may be worth to the public for those purposes to which it will be applied is not to be considered by you in any way in arriving at the fair market value of the property at the date of the taking by Transco.

In determining the fair market value at the time of the taking, you are not to consider the fact that Transco has taken or plans or intends to take the land.  Instead, you are to fix the fair market value on the date of, and at a time immediately before the taking, without regard either to any threat or imminence of a taking, or to the pendency of any plans or proceedings to take the land.

On some occasions public knowledge of the fact that there are plans to take certain property may either increase or decrease the fair market value of the property as of the time of the taking.

So, in deciding upon the fair market value at the time of the taking you should not consider the fact that Transco had plans to take the land. Instead you should fix the fair market value on the date of the taking without regard to any threat of a taking.

Federal Jury Practice and Instructions, Civil, 5th Ed., § 154.50 (West 2001); <u>United States v. 15.3 Acres of Land</u>, 154 F. Supp. 770, 784 (M.D. Pa. 1957); <u>United States v. Petty Motor Co.</u>,

327 U.S. 372, 377 (1946); <u>United States v. Miller</u>, 317 U.S. 369, 373-374 (1943); <u>Almota</u>

<u>Farmers Elevator Warehouse Co. v. United States</u>, 409 U.S. 470, 480 (1973); 26 Pa. Con. Stat.

Ann. § 604; <u>Redev. Auth. of Chester v. Bosacco</u>, 406 A.2d 1163, 1165 (Pa. Commw. Ct. 1979).

**9.**     <u>**Fair Market Value of Partial Taking**</u>

The method by which to determine the just compensation to be paid to Mr. Ottaviano for the taking of a part of his property is to compare the fair market value of the property before and after the taking.  By subtracting the fair market value of what remains, after the taking, from the fair market value of the whole, immediately before the taking.

Federal Jury Practice and Instructions, Civil, 5th Ed., § 154.59 (West 2001); <u>United States v. Miller</u>, 317 U.S. 369, 379-80 (1943); <u>United States v. 13.98 Acres</u>, 702 F. Supp. 1113, 1116 (D. Del. 1988).

10.    **Factors in Determining Fair Market Value**

In determining the fair market value of property, you may consider not only the opinions of the various witnesses who testified as to the market value, but also all other evidence in the case that may aid in determining market value. Such evidence includes the location of the property, the surroundings and general environment, any peculiar suitability of the property for particular uses, and the reasonable probabilities as to future potential uses, if any, for which the property was suitable or physically adaptable, all as shown by the evidence in the case to have existed at the time of the taking.

Federal Jury Practice and Instructions, Civil, 5th Ed., § 154.51 (West 2001); United States v. 100 Acres of Land, 468 F.2d 1261, 1265 (9th Cir. 1972), cert. denied, 414 U.S. 864 (1973); United States v. Corbin, 423 F.2d 821, 824 (10th Cir. 1970).

11.      <u>Determination of Severance Damage</u>

Where, as in this case, the property condemned constitutes only a part of Mr. Ottaviano's interest, Mr. Ottaviano is entitled to just compensation, not only for the fair market value of the interest actually taken, but also such additional amount as will be equivalent to the diminution or lowering, if any, of the fair market value of Mr. Ottaviano's interest in the land that was not taken, due to the severance of the interest that was taken. Such additional compensation is commonly known as "severance damage."  In this case, severance damage is alleged to have been sustained by Mr. Ottaviano as a result of the taking of the easements over his property.

Accordingly, in determining the fair market value of what remains after the taking – which is to be deducted from the fair market value for the whole property before the taking, the difference being the measure of Mr. Ottaviano's just compensation –  you should keep in mind that the valuation after the taking should include and reflect severance damages, if any, or special benefits, if any, according to your determination from the evidence as to whether such damage or such benefits occurred and, if so, in what amounts.

Federal Jury Practice and Instructions, Civil, 5th Ed., § 154.60 (West 2001); <u>United States v. Miller</u>, 317 U.S. 369, 379-80 (1943); <u>United States v. 38.60 Acres of Land</u>, 625 F.2d 196, 199 n.2 (8th Cir. 1980).

12.     **Transco's Need for Property Not Considered in Determining Fair Market Value**

In determining the fair market value of the property taken, you may not consider Transco's need for the property, or whether or not Mr. Ottaviano wanted to sell it.  Your task is to find what was the fair market value of the tract involved in this trial, as of the time of the taking, uninfluenced in any way by either the necessities of Transco, or the wishes or wants or desires of Mr. Ottaviano.

Federal Jury Practice and Instructions, Civil, 5th Ed., § 154.54 (West 2001); United States v. Cors, 337 U.S. 325, 332 (1949); United States v. 158.76 Acres of Land, 298 F.2d 559, 560 (2d Cir. 1962); J.A. Tobin Constr. Co. v. United States, 343 F.2d 422, 423 (10th Cir. 1965).

**13.**     **<u>Just Compensation Does Not Include Fees, Costs or Expenses</u>**

Just compensation does not include Mr. Ottaviano's appraisal fees, attorneys fees or any other expenses that he incurred in connection with this condemnation proceeding, because just compensation "is for the property, and not to the owner."

<u>United States v. Bodcaw Co.</u>, 440 U.S. 202, 203 (1979) (<u>quoting</u> <u>Monongahela Navig. Co. v. United States</u>, 148 U.S. 312, 326 (1893)).

**14.** **Effect of Imminence of Project Cannot Be Considered in Just Compensation**

The imminence of the Sentinel Project itself – and any increase or decrease in value due to ongoing construction that brought attention to Transco's project – cannot be considered when determining the value of just compensation for the easements Transco has condemned.

United States v. Miller, 317 U.S. 369, 373-374 (1943); Almota Farmers Elevator Warehouse Co. v. United States, 409 U.S. 470, 480 (1973); 26 Pa. Con. Stat. Ann. § 604; Redev. Auth. of Chester v. Bosacco, 406 A.2d 1163, 1165 (Pa. Commw. Ct. 1979).

**15.**      **Double Recovery for Alleged Loss of Trees is Not Permitted**


Mr. Ottaviano cannot obtain a double recovery for the alleged loss of certain trees on his property.  Mr. Ottaviano cannot recover additional money to remove and replace the trees when the diminution in value of his property due to the alleged loss of trees is already included in the determination of fair market value after the taking.


United States v. 13.98 Acres, 702 F. Supp. 1113, 1123 (D. Del. 1988).

**16.**     **Interest Not To Be Included in Juror's Award**

The law requires, and the judgment to be entered by the court upon your verdict will provide, payment of interest by Transco to compensate Mr. Ottaviano for any delay in payment caused by Transco after the date of taking.

You are not to consider any delay in payment in arriving at your verdict. You are not to include in your verdict any interest or other compensation for the delay.

Federal Jury Practice and Instructions, Civil, 5th Ed., § 154.67 (West 2001); Verrochi v. Commonwealth, 477 N.E.2d 366, 368-69 (Mass. 1985); In re New York, 449 N.E.2d 399, 401 (N.Y. 1983).

**17.**    <u>**Opinion Evidence as to Fair Market Value**</u>

The evidence in a condemnation case usually includes maps, diagrams, charts, and summaries, and the testimony of appraisers and other claimed experts as to the fair market value of property.

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state opinions as to relevant and material matter in which they profess to be expert, and may also state their reasons for their opinions.

The opinion testimony of an expert witness as to the fair market value may be based upon education, study, experience, investigation, knowledge of the property, prices paid for similar property in the vicinity, and all reasons given by the expert witness as the basis for his opinion.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that any such opinion is not based upon sufficient study, investigation, knowledge, or experience, or if you should conclude that the reasons given in support of the opinion are not sound, you may reject it entirely.

Federal Jury Practice and Instructions, Civil, 5th Ed., § 154.56 (West 2001); Fed. R. Evid. 702; <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579, 589-95 (1993); <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137, 141 (1999); <u>United States v. Jackson</u>, 425 F.2d 574, 577 (D.C. Cir. 1970); <u>Pollard v. Metro. Life Ins. Co.</u>, 598 F.2d 1284, 1288 (3d Cir. 1979), <u>cert.</u> <u>denied</u>, 444 U.S. 917 (1979).

**18.**     **Diagrams, Charts, or Summaries of Opinion Evidence of Fair Market Value**

The testimony of an appraiser or an accountant as to any diagrams or charts or summaries, and any summaries or diagrams or charts admitted in evidence, are competent for the purpose of explaining or summarizing facts disclosed by the appraiser's or accountant's testimony, or by other testimony, or by photographs or maps or other documents that are in evidence. If you should find that such charts of diagrams or summaries do not reflect facts and figures shown by the testimony or other evidence in this case, then you should disregard them.

Federal Jury Practice and Instructions, Civil, 5th Ed., § 154.57 (West 2001); United States v. Bartone, 400 F.2d 459, 461 (6th Cir. 1968), cert. denied, 393 U.S. 1027 (1969).

**19.**     **Evidence as to Sales and Leases of Comparable Properties**


Evidence has been received as to sales and leases of allegedly comparable properties in the vicinity, and in other areas. Bona fide sales of comparable properties, made within a reasonable time before the date of taking of the property involved may be the best obtainable evidence of market value at the time of taking.  Such evidence should be considered to the extent that you find it of assistance in arriving at your own finding as to market value.


Federal Jury Practice and Instructions, Civil, 5th Ed., § 154.61 (West 2001); United States v. 100 Acres of Land, 468 F.2d 1261, 1265 (9th Cir. 1972), cert. denied, 414 U.S. 864 (1973); United States v. 421.89 Acres of Land, 465 F.2d 336, 339 (8th Cir. 1972).

20.    **Martorana Report**


You are instructed that Michael Martorana is not qualified as an expert in tree appraisal and that he is not permitted to testify regarding the value of certain trees on Mr. Ottaviano's property.


The Martorana Report was received as evidence for a particular purpose.  The Martorana Report can be considered by you as evidence that certain trees on Mr. Ottaviano's property need to be removed.  It may not be used for any other purpose.  For example, you cannot use it as proof that the loss of certain trees reduces the value of Mr. Ottaviano's property, or proof that those trees otherwise have a specific value.


Model Civil Jury Instructions, Third Circuit, 2.10 (West 2008); Fed. R. Evid. 702; Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589-95 (1993); Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141 (1999); Richards v. Sun Pipe Line Co., 636 A.2d 1162, 1163-64 (Pa. Super. Ct. 1994).

**21.**   **<u>Wood Appraisals – Severance Damages</u>**

Severance damages are defined as the diminution – or increase – in value to the remainder of the parcel after the taking.  The severance damages are not actually a separate and distinct item of compensation apart from the difference between the market value of the entire tract before and after the taking.  Such damages are included in the estimate of value.

<u>United States v. Miller</u>, 317 U.S. 369, 379-80 (1943); <u>United States v. 38.60 Acres of Land</u>, 625 F.2d 196, 199 n.2 (8th Cir. 1980).

**22.** **Wood Appraisals – Impact of Existing Easement**


You are instructed that William Wood and Jeffrey Hellen are not permitted to testify as to severance damages that include the impact of the existing easements that Transco already owned before this taking.  Accordingly, you are to disregard any discussion of such damages in the Wood appraisals and those damages are not recoverable as part of just compensation in this action.  Only damage caused to the remainder by the taking of the newly acquired easements are recoverable as part of just compensation.


United States v. Miller, 317 U.S. 369, 379 (1943); United States v. 13.98 Acres, 702 F. Supp. 1113, 1114-15 (D. Del. 1988).

23.     **Wood Appraisals – Imminence of Project and Construction**


You are instructed that William Wood and Jeffrey Hellen are not permitted to testify to damages as a result of the imminence of the project itself and the visible construction on and after the date of taking in the area.  Accordingly, you are to disregard any discussion of such damages in the Wood appraisals and those damages are not recoverable as part of just compensation in this action.  Only damage caused to the remainder by the taking of the narrow strip of additional easement is recoverable as part of just compensation.


United States v. Miller, 317 U.S. 369, 373-374 (1943); Almota Farmers Elevator Warehouse Co. v. United States, 409 U.S. 470, 480 (1973); 26 Pa. Con. Stat. Ann. § 604; Redev. Auth. of Chester v. Bosacco, 406 A.2d 1163, 1165 (Pa. Commw. Ct. 1979).

24.   **Wood Appraisals – Insufficient Facts and Data**


You are instructed that William Wood and Jeffrey Hellen are not permitted to testify to severance damages without some basis for concluding that the market value of the remainder of the property changed in value.  Accordingly, you are to disregard any discussion of such damages in the Wood appraisals to the extent the appraisers' opinions are not supported by sufficient facts or data.


Fed. R. Evid. 702; Player v. Motiva Enters., LLC, 240 Fed. App'x 513, 520 (3d Cir. 2007); Hathaway v. Bazany, 507 F.3d 312, 318 (5th Cir. 2007); O'Conner v. Commonwealth Edison Co., 13 F.3d 1090 (7th Cir. 1994); James River Ins. Co. v. Rapid Funding, LLC, Civil Action No. 07-cv-01146-CMA-BNB, 2009 WL 481688, *12 (D. Colo. Feb. 24, 2009); see also Goebel v. Denver & Rio Grande W. R.R. Co., 215 F.3d 1083, 1088 (10th Cir. 2000).

25.    **Ottaviano Damage Report**


You are instructed that Mr. Ottaviano's damage report is not admissible and that Mr. Ottaviano is not permitted to testify regarding the opinions of his experts, damage to his property and/or other fees and expenses he has incurred in this condemnation action.  Mr. Ottaviano may only give an expert opinion as to the fair market value of his property before and after the taking.


United States v. 79.20 Acres, 710 F.2d 1352, 1356 (8th Cir. 1983) (as to inadmissibility of damage to property) ; United States v. 101.88 Acres of Land, 616 F.2d 762, 767-771 (5th Cir. 1980) (as to inadmissibility of damage to property); United States v. 38.60 Acres of Land, 625 F.2d 196, 199 (8th Cir. 1980) (as to inadmissibility of damage to property); United States v. Bodcaw Co., 440 U.S. 202, 203 (1979) (as to inadmissibility of fees, expenses); United States v. 68.94 Acres of Land, 918 F.2d 389, 397-98 (3d Cir. 1990) (as to admissibility of landowner opinion testimony and inadmissibility of other expert opinions through landowner testimony).

**26.**     **<u>Restoration of Property</u>**

You are instructed that testimony and evidence regarding the restoration of Mr. Ottaviano's property is not permitted because it is outside this Court's jurisdiction and is not relevant to just compensation.  Accordingly, you are to disregard any testimony or evidence regarding the restoration of Mr. Ottaviano's property and any alleged damage due to allegedly incorrect and/or inadequate restoration is not recoverable as part of just compensation.

<u>United States v. 79.20 Acres</u>, 710 F.2d 1352, 1356 (8th Cir. 1983); <u>United States v. 101.88 Acres of Land</u>, 616 F.2d 762, 767-771 (5th Cir. 1980); <u>United States v. 38.60 Acres of Land</u>, 625 F.2d 196, 199 (8th Cir. 1980).

**VERDICT SHEET**

We, the jury in the above entitled action, unanimously find as follows:

| Interrogatory | Unanimous Answer of the Jury |
|---|---|
| (1) What was the fair market value, in cash, of Mr. Ottaviano's property located at 292 S. Woodmont Drive, Downingtown, PA 19335 on June 3, 2009, immediately ***before*** the taking by Transco of the easements for construction and replacement of a natural gas pipeline? | $ _____ |
| (2) What was the fair market value, in cash, of Mr. Ottaviano's property located at 292 S. Woodmont Drive, Downingtown, PA 19335 on June 3, 2009, immediately ***after*** the taking by Transco of the easements for construction and replacement of a natural gas pipeline? | $ _____ |

Respectfully submitted,

/s/ Validation of Signature Code EW1079
Elizabeth U. Witmer, Esquire
James G. Rosenberg, Esquire
Jennifer B. Bonniwell, Esquire
Sean T. O'Neill, Esquire
Attorney I.D. Nos. 55808, 16915, 93516 &
205595
SAUL EWING LLP
1200 Liberty Ridge, Suite 200
Wayne, PA 19087-5569
610-251-5050

*Attorneys for Plaintiff Transcontinental Gas*
*Pipe Line Company, LLC*

Dated: January 12, 2010

## <u>CERTIFICATE OF SERVICE</u>

I, Elizabeth U. Witmer, hereby certify that on January 12, 2010, a true and correct copy of the foregoing *Plaintiff's Proposed Jury Instructions and Verdict Sheet* was served upon the following via first-class mail and the Court's electronic filing system:

John S. Carnes, Jr., Esquire
Law Office of John S. Carnes, Jr.
320 N. High Street
Suite 103
West Chester, PA 19382
jcarnes@jcatty.com
*Attorney for Louis N. Ottaviano Sr.*

s/Elizabeth U. Witmer
Elizabeth U. Witmer