UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC,<br>　　　　Plaintiff<br>　　v.<br>A PERMANENT EASEMENT FOR 0.035 ACRES OF LAND IN EAST CALN TOWNSHIP, CHESTER COUNTY, PENNSYLVANIA, TAX PARCEL NO. 40-2E-0019, LOUIS N. OTTAVIANO, SR., et. al.<br>　　　　Defendants | Civil Action No. 09cv01047 |

## DEFENDANT'S MOTION FOR RECONSIDERATION OF RULINGS

Defendant Louis N. Ottaviano, Sr., (hereinafter "Mr. Ottaviano" or "Defendant"), hereby files a motion for reconsideration of certain rulings in the above referenced matter.

1. On January 25, 2010, judgment was entered for Defendant in the amount of $8,400.00 as just compensation for property interests taken.

2. Prior to trial, Defendant filed a number of motions seeking the application of Pennsylvania. Eminent domain code, the award of attorney's fees, and the introduction of evidence relating to damages incurred to trees with substantial root systems lying within the easement area condemned, as well as water damage incurred as a result of pipeline construction.

3. This Court ruled against Defendant with regard to the aforementioned matters, and Defendant wishes to request reconsideration of such rulings.

4. On November 16, 2009, Defendant filed with this Court a Motion to Stay Proceedings, asking the Court to delay the proceedings until such time that discovery could be conducted with regard to water damages incurred on the defendant property as a result of

pipeline construction. The Court denied the stay, ruling that the water damage was not relevant to the issue of just compensation before the court, and that compensation for damages occurring as a result of construction activities should be sought in a separate action.

5. On January 6, 2010, Defendant filed a motion in limine, requesting that the Court limit evidence and testimony relating to the water damage occurring as a result of the pipeline construction, and requesting an order preserving the issue of damages related to negligent and/or improper construction activities for a future action.

6. This Court denied Defendant's motion, to the extent that Defendant sought an order from the court preserving the issue of damages for future action. The court did, however, preclude evidence related to the water damage.

7. On January 6, 2010, Plaintiff filed a motion in limine to exclude expert reports and testimony relating to the value of trees on defendants property that were damaged as a result of pipeline construction activities. The trees in question, while outside the easement area, had extensive root systems invading the newly condemned area.

8. The Court granted Plaintiff's motion, and excluded all evidence and testimony of Defendant's tree expert, Michael Martorana. The Court, again ruled that damage to the trees, as it had occurred after condemnation as a result of construction activities was irrelevant to the issue of just compensation, and should be addressed in a separate action.

9. Defendant also sought to present evidence relating to attorney's fees incurred in this matter, which the Court excluded from presentation as evidence at trial despite assertions and evidence relating to Plaintiff's bad faith in bringing this action.

11. Defendant wishes to formally seek reconsideration /clarification of the aforementioned rulings, on the issues as set forth above, as the Defendant intends to pursue a

separate action for damages caused by the Plaintiff to Defendant's property. Furthermore, it is Defendant's intention to file herewith a motion seeking sanctions and attorney's fees under Rule 11 of the Federal Rules of Civil Procedure.

Respectfully submitted,

Law Offices of John S. Carnes, Jr.

By: _____

Dated: February 1, 2009

John S. Carnes, Jr. (Pa. I.D. 47338)
120 North High Street
Suite 103
West Chester, PA 19380
Telephone: (610) 436-7500
Fax: (610) 436-7501
jcarnes@jcatty.com