UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

TRANSCONTINENTAL GAS PIPE LINE : 
COMPANY, LLC, :
         Plaintiff      :      Civil Action No. 09cv01047
    v. :

A PERMANENT EASEMENT FOR 0.035 :
ACRES OF LAND IN EAST CALN :
TOWNSHIP, CHESTER COUNTY, :
PENNSYLVANIA, TAX PARCEL NO. :
40-2E-0019, LOUIS N. OTTAVIANO, :
SR., et. al. :
         Defendants    :

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS UNDER F.R.C.P. 11

Federal Rule of Civil Procedure 11 provides in pertinent part:

(a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's individual name – or by a party personally, if the party is unrepresented.

(b) Representations to Court. By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

   (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

   (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extending, modifying, or reversing existing law or for establishing new law;

   (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery …

"Rule 11 is 'aimed at curbing the abuses of the judicial system.'" Business Guides v.

Chromatic Comm., 112 L. Ed. 2d 1140, 1153 (1991) (quoting Cooter & Gell v. Hartmarx Corp., 110 L. Ed. 2d 359 (1990)) The certification requirement of Rule 11 "mandates that all signers consider their behavior in terms of the duty they owe to the court system to conserve its resources and avoid unnecessary proceedings. CPR Associates v. American Heart Association, 1992 U.S. Dist. LEXIS 13703, *9 (3d Cir. 1992) quoting Business, 112 L. Ed. 2d at 1154. Further, the signature "certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive." Id.

In this case, it is not necessary to enter into a discussion of the "reasonableness" of counsel's investigation into the merits of its claim, as counsel for Transco was fully aware of the facts and circumstances surrounding the attempts to negotiate with Mr. Ottaviano, and Mr. Ottaviano's insistence that attorneys for both parties be involved. Further, counsel for Transco, as alleged in the Motion, instituted this proceeding with the intent to harass Mr. Ottaviano, and to strong-arm him into settling for less than he was entitled to under the law with the threat of litigation.

Transco, as a private entity is not subject to the same standards as the Federal Government in preserving the Constitutional Rights of its citizens in acquiring land through the exercise of eminent domain. As such, though imbued with the power of the Federal Government in this case, Transco had no incentive or requirement to act in good faith in attempting to acquire the property by contract, other than its responsibilities to the Court. Therefore, it is incumbent upon the Court to ensure that not only Transco, but other private entities with the power to condemn, use that power and its vast resources to exploit landowners with the threat of costly litigation. Transco, somewhere along the line, must be held accountable for its actions.

Once a court has determined that a violation of Rule 11 has occurred, it must impose sanctions. However, the nature and amount of the sanction is left to the discretion of the trial judge. Id. at *12-13 (citing Langer v. Monarch Life Ins. Co., 1992 U.S. App. Lexis 13607 (3d. Cir. 1992) (citations omitted). Rule 11(c)(4) states that a sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." However, the court may determine that an effective deterrence may be an order "directing payment to the movant of a part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."

Defendant avers that the award of attorneys fees for defending this action would be an appropriate sanction in this case, as it would send a message to Transco that this Court will not be used as leverage to coerce landowners into accepting less than what they are entitled to as just compensation in order to avoid the burdensome costs of litigation.

Respectfully submitted,

JOHN S. CARNES, JR., ESQUIRE
Attorney I.D. No. 47338
LAW OFFICES OF JOHN S. CARNES, JR.
320 North High Street, Suite 103
West Chester, Pa 19380
610-436-7500

*Attorney for Defendant*

Dated: February 1, 2010