UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Elizabeth U. Witmer, Esquire
James G. Rosenberg, Esquire
Jennifer B. Bonniwell, Esquire
Sean T. O'Neill, Esquire
Attorney I.D. Nos. 55808, 16915, 93516 & 205595
SAUL EWING LLP
1200 Liberty Ridge, Suite 200
Wayne, PA 19087-5569
610-251-5050

| | |
|---|---|
| TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>PERMANENT EASEMENTS FOR 0.035 ACRES OF LAND IN EAST CALN TOWNSHIP, CHESTER COUNTY, PENNSYLVANIA, TAX PARCEL NO. 40-2E-0019, LOUIS N. OTTAVIANO, SR., et al.,<br><br>　　　　　　　　　　Defendants. | Action No. 09cv01047 |

**PLAINTIFF TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS UNDER F.R.C.P. 11 AND IN SUPPORT OF ITS REQUEST FOR ATTORNEYS' FEES UNDER F.R.C.P. 11(c)(2)**

Plaintiff Transcontinental Gas Pipe Line Company, LLC ("Transco") submits this memorandum of law in support of its response in opposition to Defendant's motion for sanctions (the "Motion"). Transco requests this Court deny the Motion as baseless and without merit and award Transco its reasonable expenses, including attorney's fees, incurred in responding to this Motion, pursuant to Rule 11(c)(2).

Defendant's Motion for Sanctions alleges two violations of Rule 11, neither of which has merit.[1] First, Defendant alleges that Transco filed its complaint for the purpose of harassing Defendant and increasing litigation costs in violation of Rule 11(b)(a). See Defendant's Motion, ¶47. To the contrary, Transco filed the Complaint against Defendant – and more than 50 other neighboring properties in the Chester County, Pennsylvania – to acquire easements needed to complete a federally authorized natural gas pipeline replacement project. As shown by the extensive correspondence attached to Defendant's motion, Transco repeatedly acceded to Defendant's requests to compromise and attempted to settle this action without further court action, to no avail.

Second, Defendant contends that Transco has no evidentiary support for the averment in the Complaint that "Transco has been unable to acquire the above-described property rights by contract," in violation of Rule 11(b)(c). See Motion, ¶44. This statement was true – and remains true today. Defendant has refused every offer Transco has made to acquire the property rights by contract. The correspondence attached to Defendant's Motion provides sufficient evidentiary support to demonstrate that Transco was unable to acquire the property rights by contract and to defeat a motion pursuant to Rule 11(b)(3).

Defendant's Motion is so devoid of legal and evidentiary support, that Transco respectfully requests that this Court award Transco its reasonable expenses, including attorney's fees, incurred in responding to this Motion, as permitted under Rule 11(c)(2). The Motion relates solely to the filing of the Complaint – on March 10, 2009 – yet was filed nearly a year after the Complaint and more than seven months after Defendant stipulated that Transco was entitled to the relief sought in the Complaint. See Stipulation for Possession, May 20, 2009.

---

[1] Defendant also failed to comply with Rule 11(c)(2) in filing his Motion for Sanctions, as the Motion for Sanctions was not first served on Transco at least 21 days before it was filed with the Court.

Additionally, Defendant has no evidentiary support for the allegations contained in paragraphs 45-47. Given the timing and lack of merit, there could be no purpose to filing this Motion other than to harass or needlessly increase the cost of litigation for Transco.

For these reasons, and as set forth more fully below, the Motion should be denied and Transco should be awarded its costs and attorneys' fees in opposing the motion.

### A.     Legal Standard For Seeking Sanctions Under Rule 11.

Under Rule 11, an attorney who signs a pleading, written motion or other paper certifies that:

> to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

The standard under subjection (b)(3) is that "if a party has evidence with respect to a contention that would suffice to defeat a motion for summary judgment based thereon, it would have sufficient 'evidentiary support' for purposes of Rule 11." Fed. R. Civ. P. 11 cmt. (b) and (c) (p.92) (2009 Revised). At least one court has refused to find a violation of Rule 11 when a complaint contained several legally groundless claims and one factually groundless claim but

was "factually substantial enough to reach a jury." Burrull v. First Nat'l Bank of Minneapolis, 831 F.2d 788, 789 (8th Cir. 1987).

The Rule also includes a "safe harbor" provision such that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not have evidence to support a specific allegation. Fed. R. Civ. P. 11 comment (b) and (c) (p. 94) (2009 Revised). Rule 11(c)(2) requires that a motion alleging a Rule 11 violation "must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2) (emphasis added). This procedure was not followed here – the Motion was simply filed, without notice.

The purpose of an award of attorney's fees under Rule 11 "is not wholesale fee shifting but rather correction of litigation abuse." Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194-95 (3d Cir. 1988). The Third Circuit has interpreted Rule 11 to prescribe sanctions "only in exceptional circumstances." Id. at 194 (collecting cases).

The filing of a motion for sanctions "is itself subject to the requirements of the rule and can lead to sanctions." Fed. R. Civ. P. 11 comment (b) and (c) (p.94) (2009 Revised). Subsection (c)(2) states "the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). The advisory committee notes state that a cross-motion for sanctions under Rule 11 "should rarely be needed since under the revision the court may award to the person who prevails on the motion under Rule 11 – whether the movant or the target of the motion – reasonable expenses, including

attorney's fees incurred in presenting or opposing the motion." Fed. R. Civ. P. 11, comments (b) and (c) (p. 94).

### B.    Facts.

As this Court is well aware, Transco filed this condemnation action – along with nearly 60 other actions in this Court – to acquire necessary easements for a 7.15-mile federally authorized natural gas pipeline replacement project in Chester County, Pennsylvania.[2] Transco began contacting Defendant for purposes of acquiring easements on his property in mid-2008 and since that time the parties have engaged in extensive written and in-person communications concerning Transco's need for certain easements on Defendant's property (the "Property Interests"). Defendant attached more than a dozen letters and emails to the Motion setting forth the extensive communications between the parties before and after Transco filed the Complaint. Additional letters and emails between the parties also are attached as Exhibit A.

This correspondence also shows that Transco made repeated efforts to negotiate with Defendant – most dramatically in Transco's assent to convert some of the permanent easement areas into a temporary workspace easement to accommodate Defendant's proposed garage addition. Exh. A, Emails dated April 29, 2009, April 30, 2009; see also Motion, Exh. E, Emails dated April 21, 2009; Stipulation to Possession, May 20, 2009, ¶5. Transco also met with Defendant multiple times both before and after Transco filed its Complaint. Exh. A, Email dated April 23, 2009; see Motion, Exh. E, Email dated March 6, 2009. Transco responded to Defendant's information requests, (see Motion, Exh. E, Email dated March 26, 2009), and

---

[2] See Docket Nos. 09cv01027 through 09cv01036, 09cv01038 through 09cv057, 09cv01059 through 09cv061, 09cv01064, 09cv01066, 09cv01068 and 09cv01072, 09cv01385, 09cv01387 through 09cv01389, 09cv01391 through 09cv01402, 09cv0413.

provided a copy of Transco's insurance certificate upon request. See Stipulation of Possession, May 20, 2009, ¶4. And, Transco made multiple offers to purchase Defendant's property. On May 23, 2008, Transco offered $3,282 to purchase the necessary easements. Motion, Exh. C. On January 15 and February 2, 2009, Transco offered $4,375 to purchase the easements. Motion, Exh. D.

On March 10, 2009, Transco filed a Complaint in Condemnation against Defendant seeking to condemn permanent easements needed for the construction in the replacement pipeline project. Pursuant to the Natural Gas Act, a natural gas company has the power to condemn land for a federally approved natural gas pipeline project if (a) the company has been granted a Certificate of Public Convenience and Necessity from the Federal Energy Regulatory Commission, (b) the company has been unable to acquire the needed land by contract with the owner, and (c) the value of the property at issue is claimed by the landowner at more than $3,000. 15 U.S.C. § 717f(h). The Complaint alleged that Transco it had satisfied these elements, including that it was "unable to acquire the above-described property rights by contract." Compl. ¶29.

On May 20, 2009, Defendant stipulated that Transco had the right to condemn the Property Interests. See Stipulation to Possession, May 20, 2009, ¶1 (referring to Order attached as Exhibit A, which grants Transco the substantive right to the condemn Defendant's property interests, see ¶1). By this stipulation, Defendant admitted that Transco had met the elements of the Natural Gas Act and that the only issue yet to be decided was the amount of compensation due to Defendant for the taking. This Court entered an Order on May 21, 2009 granting Transco possession as set forth in the Stipulation. Exhibits A and B of the Order described the property rights condemned by Transco (the "Property Interests").

On January 21, 2010, a jury trial was held to determine the amount of just compensation Transco owed Defendant for the Property Interests. At the trial, Defendant presented testimony that he was due just compensation of between $83,500 and $200,000. The jury awarded $8,400 in just compensation.

### C. Transco Filed the Complaint For the Proper Purpose of Acquiring the Necessary Easements for Its Federally Approved Replacement Pipeline Project, Thus There is No Violation of Rule 11.

Defendant contends that Transco filed the Complaint for "for the purposes of harassing the Defendant and needlessly increasing the costs of litigation" and "bullying Mr. Ottaviano into accepting the highly inadequate offer (as evidenced by the Jury award) on Transco's terms." Motion, ¶ 47. This is simply not true, and Defendant cannot credibly present any evidentiary support for this contention. Transco filed the complaint because it needed to acquire an 8-foot-wide easement on Defendant's property. The Federal Energy Regulatory Commission approved the amount and location of the easement areas, and Defendant stipulated that Transco had the authority to condemn the permanent and temporary easements taken. Furthermore, after Transco obtained possession, Transco actually used the easements for construction on Defendant's property.

Defendant contends that Transco's purpose in filing the Complaint was to "bully" Defendant into accepting an offer to purchase the property rights that was not based on the fair market value of the property. There is no evidence to support this. The jury verdict valued the property interests at $8,400 – just $4,000 greater than Transco's final offer set forth in the correspondence. Defendant cannot reasonably argue that this difference demonstrates that Transco had an improper purpose in filing the Complaint. Indeed, this is even more apparent when the jury verdict of $8,400 is compared with Defendant's own testimony at the trial that the

Property Interests were worth at least $200,000. To the contrary, the jury verdict confirmed that Transco's opinion of value was much closer to the fair market value than Defendant's opinion of value.

Transco clearly filed the Complaint for the proper purpose of acquiring easement necessary for its federally approved replacement pipeline project. Accordingly, there is no basis for a violation of Rule 11(b)(1).

### D. Transco Truthfully Alleged In Its Complaint That It Was Unable to Acquire the Easements Needed By Contract, Accordingly There is No Basis for a Rule 11 Violation.

Defendant contends Transco violated Rule 11 when it asserted that "Transco has been unable to acquire the above-described property rights by contract." Motion, ¶ 44. This statement was true – and remains true today. Defendant has refused every offer Transco has made to acquire the property rights by contract. The correspondence attached to Defendant's Motion provides sufficient evidentiary support that Transco was unable to acquire the property rights by contract. This defeats Defendant's Motion under Rule 11(b)(3).

Defendant's real grievance appears to be that Transco did not make a "truly valid effort ... to negotiate the acquisition by contract." Motion, ¶ 46.[3] While Transco vehemently denies this, this is not a proper basis for sanctions under Rule 11. Transco made no misrepresentation in its Complaint. Transco truthfully stated that it did not acquire the property rights by contract. Defendant cannot argue otherwise because even Defendant must admit that <u>Transco did not</u>

---

[3] Among the basis for Defendant's contention is that Transco's offers were "highly inadequate" and not "based on the fair market value of the property." Motion, ¶¶ 45, 47. These allegations have no evidentiary support. Defendants conveyed multiple offers to Defendant, as evidenced by the correspondence. Exh. A; Motion, Exh. E. The jury verdict was just $4,000 above Transco's offers. This small difference demonstrates that Transco's offers were not that unreasonable, especially considering that Defendant's opinion of value at the trial was $83,500 to $200,000.

acquire the Property Interests by contract. Moreover, Transco denies that it did not try to acquire the easements by contract. Transco spent nearly a year contacting Defendant and made multiple offers even before filing the Complaint. See Exh. A; Motion, Exh. E. After filing, the parties exchanged emails and letters and had face-to-face meetings – all in an attempt for Transco to acquire easements on Defendant's property.

Accordingly, the Motion should be denied.

### E. Transco Requests Its Reasonable Expenses, Including Fees, Incurred in Responding to Defendant's Meritless Motion.

Defendant's Motion is devoid of any evidentiary support that would warrant sanctions and indeed appears to have no proper purpose other than to harass or needlessly increase the cause of litigation. Rule 11 permits the court "[i]f warranted" to "award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). Here, Defendant has no evidentiary support for the allegations of paragraphs 45-47. Additionally, the Motion relates solely to the filing of the Complaint on March 10, 2009 and Defendant cited to no new facts that would require the filing of this Motion after the date of the Complaint. Yet, Defendant waited nearly a year after the Complaint and more than seven months after Defendant stipulated that Transco was entitled to the relief sought in the Complaint. See Stipulation for Possession, May 20, 2009. Given the delay in filing and lack of merit, there could be no purpose to filing this Motion other than to harass or needlessly increase the cost of litigation for Transco.

Accordingly, Transco respectfully requests that this Court award its fees in opposing this baseless and frivolous Motion.

**F.      Conclusion.**

For these reasons, Plaintiff Transcontinental Gas Pipe Line Company, LLC respectfully requests that this Court deny Defendant Louis N. Ottaviano, Sr.'s Motion for Sanctions Under F.R.C.P. 11, and award Plaintiff its costs and attorneys' fees pursuant to Fed. R. Civ. P. 11(c)(2) in opposing this baseless motion.

Respectfully submitted,

/s/ Validation of Signature Code EW1079
Elizabeth U. Witmer, Esquire
James G. Rosenberg, Esquire
Jennifer B. Bonniwell, Esquire
Sean T. O'Neill, Esquire
Attorney I.D. Nos. 55808, 16915, 93516 & 205595
SAUL EWING LLP
1200 Liberty Ridge, Suite 200
Wayne, PA 19087-5569
610-251-5050

*Attorneys for Plaintiff Transcontinental Gas Pipe Line Company, LLC*

Dated: February 16, 2010